THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAGHAVENDRAN SHANKAR,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, *et al.*,<br><br>Defendants. | CASE NO. C24-0308-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to appoint counsel and motion to seal (Dkt. Nos. 8, 11). Having duly considered the relevant record, the Court hereby DENIES the motion to appoint counsel and GRANTS the motion to seal for the reasons described below.

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)[1] but should do so "only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether exceptional circumstances justify the appointment of counsel, the

---

[1] Although courts often refer to motions under 28 U.S.C. § 1915(e)(1) as motions to appoint counsel, the statute does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. *Id.* § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants").

ORDER
C24-0308-JCC
PAGE - 1

Court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Moreover, it is within the Court's discretion "to deny the motion when [a party is] unable, or unwilling, to verify their poverty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Here, Plaintiff has failed to provide any evidence verifying his indigence. Indeed, the Honorable S. Kate Vaughan, United States Magistrate Judge, previously recommended denying Plaintiff's motion to proceed *in forma pauperis* for this very reason. (*See* Dkt. No. 3.) And in doing so, she noted that "[i]n the past twelve months, Plaintiff indicates he has received $100,000 in business or professional income, $5,000 in public assistance, [] $70,000 in income from other sources," and "between $50,000 and $70,000 in savings." (*Id.* at 1.) Accordingly, because Plaintiff appears to have the financial resources to retain counsel, his motion to appoint counsel (Dkt. No. 8) is DENIED.

Separately, Plaintiff moves to seal several documents, including three complaints and his motion to proceed *in forma pauperis* (Dkt. Nos. 1, 5, 9, 10). While the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the nature of the information contained in the materials at issue, these criteria are met here.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. No. 8) is DENIED. The motion to seal (Dkt. No. 11) is GRANTED and the Clerk is DIRECTED to maintain Docket Numbers 1, 5, 9, and 10 under seal.

//

1    DATED this 3rd day of April 2024.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE