THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAGHAVENDRAN SHANKAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant. | CASE NO. C24-0308-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's most recent motion for leave to file an amended complaint (Dkt. No. 40). Pursuant to LCR 15(a), a party who moves for leave to amend their pleading must "indicate on the proposed amended pleading how it differs from the pleading it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." Plaintiff has not done so here. (*See* Dkt. No. 40-1) (lacking indication of how the proposed amended pleading differs from the pleading it amends).

While the Court recognizes that it previously granted Plaintiff leave to amend without strict compliance with LCR 15(a), (*see* Dkt. No. 21), that order was issued in light of the fact that Defendant had not yet moved to dismiss the operative complaint. Nor had it made any responsive pleadings. In fact, Defendant had not yet entered an appearance. (*See* Dkt. No. 35). Now that

defense counsel has entered an appearance and moved to dismiss (Dkt. No. 36), a motion which could be effectively mooted by an amended complaint, the Court requires strict compliance with LCR 15(a).[1]

Accordingly, the Court STRIKES Plaintiff's motion (Dkt. No. 40) for failure to comply with LCR 15(a). Plaintiff may renew this motion but must comply with the Local Rules when doing so.

DATED this 6th day of September 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk

---

[1] While the Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they remain bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).