THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAGHAVENDRAN SHANKAR,<br><br>           Plaintiff,<br>     v.<br><br>MICROSOFT CORPORATION,<br><br>           Defendant. | CASE NO. C24-0308-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to amend judgment (Dkt. No. 76).[1] Having considered Plaintiff's motion and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.     DISCUSSION

   A.     **Motion to Amend Judgment (Dkt. No. 76)**

Rule 59(e) allows parties to file a motion to amend a judgment. Fed. R. Civ. P 59(e). Rule 60(b) then allows the Court to relieve a party from a final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b). Reconsideration of a final judgment is appropriate under Rule 60(b) if the district court "(1) is presented with newly discovered evidence, (2) committed

---

[1] Consistent with the Court's prior order (Dkt. No. 68), the Court will only consider Plaintiff's first-filed motion to amend judgment (Dkt. No. 76). It disregards the later-filed motions (Dkt. Nos. 78, 79, 81).

1   clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in
2   controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263
3   (9th Cir. 1993).
4       Plaintiff has not presented the Court with newly discovered evidence, identified a clear
5   error or manifest injustice in the Court's dismissal order, or shown an intervening change in
6   controlling law. (*See generally* Dkt. No. 76.) Instead, Plaintiff realleges the same set of facts as
7   with his prior pleadings. (*See generally id*.) Accordingly, the Court DENIES Plaintiff's motion to
8   amend judgment (Dkt. No. 76).

        **B.**      **Notice of Possible Vexatious Litigant Order**

10       Based upon the record in this matter, it appears Plaintiff is using the Court as a vehicle to
11   harass and antagonize certain parties, including the Court and its staff, rather than as a forum to
12   resolve a valid dispute. (*See, e.g.,* Dkt. Nos. 42, 76–83, 85) (various documents either describing
13   Plaintiff's exceptionally litigious behavior or demonstrating his prolific motions practice).
14   Plaintiff also continues to violate the local rules, *despite* the Court's previous order requiring
15   Plaintiff to comply with the local rules, (*see* Dkt. No. 45 at 1–2), and its numerous admonitions
16   following Plaintiff's continued noncompliance, (*see* Dkt. Nos. 68 at 1, 74 at 11). Finally,
17   Plaintiff sent 28 e-mails to this Court's inbox in the span of two days, following the Court's entry
18   of judgment dismissing Plaintiff's case with prejudice (Dkt. No. 75). At best, these e-mails
19   constitute *ex parte* communications with the Court attempting to allege facts that support
20   reconsideration of the Court's judgment; at worst, the e-mails denigrate the Court and its staff
21   with a host of expletives.
22       Litigants may not engage in abusive behavior, either with the Court, its staff, or opposing
23   parties. As such, "[t]here is strong precedent establishing the inherent power of federal courts to
24   regulate the activities of abusive litigants by imposing carefully tailored restrictions under the
25   appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)
26   (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Pursuant to 28 U.S.C. § 1651,

the Court may enjoin a vexatious litigant to restrict access to the Court. Before doing so, the litigant must be given notice and a chance to be heard. *De Long*, 912 F.2d at 1148. Accordingly, the Court notifies Plaintiff that any additional frivolous motions, *ex parte* contacts, or abusive or threatening filings or communications with the Court may result in an order imposing pre-filing conditions. Such an order would limit Plaintiff's ability to file frivolous motions and/or bring future claims against Defendant before this Court.

II.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to amend judgment (Dkt. No. 76). Plaintiff's remaining motions (Dkt. Nos. 77–83, 85) are DENIED as moot.

DATED this 29th day of October 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE