THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAGHAVENDRAN SHANKAR,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　Defendant. | CASE NO. C24-0308-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. Following repeated abuses, the Court ordered Plaintiff to show cause why the Court should not impose a vexatious litigant order against him and gave him 21 days to respond. (Dkt. No. 91 at 2.) The Court also warned Plaintiff that "any filing that is unresponsive to the order to show cause [would] be stricken from the record," and further advised Plaintiff that the proper mechanism for opposing the Court's final judgment was to pursue an appeal with the Ninth Circuit. (*Id*.) Plaintiff responded as ordered (Dkt. No. 96), submitted a praecipe to his response (Dkt. No. 108), and also continued to submit nearly 40 frivolous filings in the span of five days. (*See generally* Dkt. Nos. 97–137.) This includes a motion *in limine* (Dkt. No. 113), even though this case is not set for trial; two motions for a temporary restraining order against the Court itself (Dkt. Nos. 114, 115); two motions to amend the judgment (Dkt. Nos. 116, 129), even though the Court already denied a prior such motion, (*see generally* Dkt. No. 86); and three purported motions for protective orders (Dkt. Nos.

125, 132, 137), though the relief sought appears to be entirely outside the scope of what the rules allow. *See* Fed. R. Civ. P. 26(c). This is just a sampling of Plaintiff's continued harassment and abuse of the judicial process.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). To that end, district courts have inherent power to enter pre-filing orders against vexatious litigants with abusive litigation histories. 28 U.S.C. § 1651(a); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such an order should be entered only when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is "an adequate record for review," (3) the court has made "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) the vexatious litigant order is narrowly tailored to the litigant's wrongful behavior. *DeLong*, 912 F.2d at 1147–48.

Here, the first three requirements are met. First, Plaintiff received adequate notice several times, (*see generally* Dkt. Nos. 86, 91), and was afforded an opportunity to respond *and* amend his response, (*see generally* Dkt. Nos. 96, 108). Plaintiff's response fails to convince the Court that a vexatious litigant order is unwarranted, *especially* when coupled with the numerous papers he filed even after responding to the order to show cause—thus reflecting Plaintiff's complete indifference to the Court's admonitions. Moreover, in general, there exists an adequate record to demonstrate Plaintiff's frivolous and harassing conduct, and his rampant disregard for the Court's previous orders. Finally, given Plaintiff's repeated abuses against Defendant and the Court, the Court finds it necessary to enter an order limiting Plaintiff's ability to bring suit within this District against Defendant and its counsel. Accordingly, this Court FINDS Plaintiff to be a vexatious litigant and ORDERS as follows:

- The Clerk of the Court is INSTRUCTED not to automatically accept any further filings from Plaintiff, whether via counsel or himself, if they are:

ORDER
C24-0308-JCC
PAGE - 2

- - (1) brought against Microsoft Corporation, any of its current or former parents, subsidiaries, or affiliate companies, any of its current or former officers, directors, or employees; OR,
  - (2) brought against any of the attorneys or law firms that formerly or presently represent any of the parties in this or in past litigation.
- Instead, for any complaint Plaintiff submits in this District that falls into the above-laid categories, the Clerk of the Court is DIRECTED to file it under a miscellaneous case number for the Court's review prior to the issuance of summons or service of process. The following review provisions will apply:
  - The Court will review the proposed Complaint to determine whether good cause exists to permit the action to proceed based on the claims raised therein and Plaintiff's past litigation abuses. The proposed Complaint must comply with Federal Rule of Civil Procedure 8(a) and provide a clear statement of the factual and legal basis for each claim asserted, specifically identifying each defendant against whom the claim is asserted. The proposed Complaint must be accompanied by a signed statement explaining, on a claim-by-claim basis, (a) whether each claim was raised in any prior action (with an appropriate citation) and (b) why each claim is not barred by collateral estoppel, *res judicata*, and/or an applicable immunity.
  - If the Court determines that good cause has not been shown, the action will be dismissed *sua sponte* without further opportunity for response. If the Court also determines that sanctions are appropriate, the Court will give Plaintiff notice and an opportunity to respond.
- The Court further REVOKES Plaintiff's e-filing privileges in this matter. Instead, every motion, pleading, or other paper filed in the instant case must be physically mailed to the Court in paper format and submitted to the undersigned judge for review and approval

prior to docketing. The Clerk's Office is DIRECTED to strike any paper that is not filed in accordance with these requirements.

DATED this 4th day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE